**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ACCESS FOR THE DISABLED, INC.,**
et al.,

    **Plaintiffs,**

v.                                                Case No.  8:05-cv-1413-T-30TBM

**SYLVIA ROSOF and**
**MARILOU J. STONE,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Marilou J. Stone's (hereinafter "Defendant Stone") Motion to Dismiss, or in the Alternative, Motion for More Definite Statement and Motion to Strike Prayer for Attorneys' Fees[1] (Dkt. 8), Memorandum of Law in support of the same (Dkt. 9) and Plaintiffs' Response thereto (Dkt. 19).

## MOTION TO DISMISS STANDARD

At the motion to dismiss stage, this Court must view the complaint in the light most favorable to Plaintiffs and construe all allegations in the complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty Bd. of Educ. v. Marshall Cty Gas Dist., 992 F.2d 1171

---

[1] While this Court is in agreement that a pre-suit letter would inevitably achieve the same result as the relief sought in this suit, See Macort v. Checker Drive-In Restaurant, 2005 WL 332422 at 1 (M.D. Fla. 2005); the Court is not inclined to strike Plaintiffs' prayer for attorneys' fees at this stage in the proceedings. As such, Defendant Stone's Motion to Strike Attorneys' Fees is **DENIED**.

(11th Cir.1993).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F. 2d 989, 995 (11th Cir. 1983).  A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the Plaintiff can prove no set of facts to support his claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Mgt. Dist. v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).

## **LEGAL ANALYSIS**

Plaintiffs have brought suit against Defendants pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et. seq.* (the "ADA"), seeking injunctive relief. Specifically, Plaintiffs allege they have been discriminated against by Defendants due to Defendants' failure to adhere to Title III of the ADA, i.e., making a place of public accommodation operated and/or owned by Defendants accessible to individuals with disabilities.  Defendant Stone's Motion to Dismiss seeks dismissal on three grounds: (1) insufficiency of service of process; (2) failure to a join necessary and indispensable party; and (3) lack of subject matter jurisdiction[2] (Dkt. 8).

---

[2] The Court disagrees with Defendant Stone's first two grounds for dismissal (insufficiency of process and failure to join an indispensable party).  As such, they will not be addressed in this Order.

*Subject Matter Jurisdiction.*

The ADA permits suits to be brought by any person who is being subjected to discrimination on the basis of disability . . . or has reasonable grounds for believing that such person is about to be subjected to discrimination.  42 U.S.C. §12188(a)(1).  Standing is comprised of three elements: injury in fact, causation and redressability.  See Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992).  In order to demonstrate the injury in fact element of standing, a plaintiff must have suffered an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  See Id. at 560.  The plaintiff himself must be "among the injured."  Id. at 563.

An association may have standing to bring suit on behalf of its members when (a) its members would have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.  See Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333 (1977).  Defendant Stone argues that Access must be dismissed from this action because it cannot meet the first prong of the associational standing test, i.e., individual member standing.  This Court agrees with Defendant Stone that Access lacks standing, but not for the reasons argued by Defendant Stone.  Access lacks standing because it fails to meet the third prong of Hunt, i.e., the proof required to sustain a claim under the ADA is individualized and requires the participation of the association's individual members in the lawsuit.

A plaintiff establishes a *prima facie* case of a violation of Title III of the ADA by showing that: 1) he or she is disabled; 2) the defendant is a place of public accommodation; and 3) he or she was denied full and equal treatment because of his or her disability. See Access Now, Inc. v. South Florida Stadium Corp., 161 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001). As in this case, if the claim alleges discrimination due to an architectural barrier, the plaintiff must further show that the existing facility presents an architectural barrier that is prohibited under the ADA., the removal of which is readily achievable. See id. *citing* Colorado Cross Disability Coalition v. Hermanson Family L.P., 264 F. 3d 999 (10th Cir. 2001). In determining whether a plaintiff has adequately asserted a claim under Title III of the ADA, a plaintiff's particular disability and his or her encounter with the alleged barriers to access are relevant factors to be considered. Because these factors are inherently fact-specific and require individualized proof, claims brought under Title III of the ADA require the participation of individual members in the lawsuit. See Hunt, 432 U.S. at 343. Plaintiffs cite district court cases to support their position that Access has associational standing. However, as the Eleventh Circuit has not yet determined whether a group like Access meets the third prong of Hunt, there is no controlling precedent.

Access has not demonstrated it has associational standing. As allowing leave to amend would be futile, Access is dismissed with prejudice as a party to this action. See Foman v. Davis, 371 U.S. 178, 182 (1962); Galindo v. ARI Mutual Ins. Co., 203 F.3d 771, 777 n.10 (11th Cir. 2000).

As discussed *supra*, in order to establish standing, a Plaintiff must demonstrate an injury in fact, causation and redressability. See Lujan, 504 U.S. at 555 (1992). This injury in fact must be (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. See id. at 560. Additionally, to obtain standing in a suit for prospective injunctive relief, as in this case, a plaintiff must plead a genuine threat of imminent injury, i.e, a "real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury." Rosenkrantz v. Markopoulos, 254 F. Supp. 2d 1250, 1252 (M.D. Fla. 2003). Defendant Stone asserts that Plaintiff Cohen lacks standing because he has failed to allege a real immediate threat of future injury. Plaintiff Cohen argues in response that he has sufficiently alleged his intent to return to the facility, specifically in the allegations contained in ¶¶ 2, 4-6, 15-18, 20, and 22 of the Complaint (Dkt. 1), and thus has sufficiently alleged the threat of a real future injury. While Plaintiff Cohen has alleged he intends to visit the facility annually (Dkt. 1 at ¶ 3) and in "the near future" (Dkt. 1 at ¶ 16), these "some-day" and speculative allegations alone are insufficient to establish injury in fact. See Rosenkrantz, 254 F. Supp. 2d at 1252 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 563-64 (1992) ("someday intentions-without any description of concrete plans, or indeed even any speculation of *when* the some day will be-do not support a finding of 'actual or imminent' injury.")). The threat of future real and immediate injury is even more speculative in light of the fact that Plaintiff Cohen does not reside in Sarasota and his only connection to the area

is as a "frequent visitor[3]" (Dkt. 1 at ¶ 2). Moreover, his admission that he visited the facility as a "tester"[4] and intends to visit the facility to "verify its compliance or non-compliance with the ADA" (Dkt. 1 at ¶ 3), does little to support his allegation that he is truly threatened by an immediate future injury.[5] Defendant appears from the Complaint to be a retail flooring store and Plaintiff does not allege that he intends to visit the store as a potential customer or even that he lives in the area. Put another way, from the allegations in the Complaint, it appears unlikely that Plaintiff will ever need accommodation at Defendant's store to purchase flooring. Therefore, this Court finds the factual allegations in the Complaint insufficient to support a finding that Plaintiff Cohen himself will sustain any real and immediate threat of future injury.

Accordingly, it is therefore ORDERED AND ADJUDGED that:

1. Defendant Stone's Motion to Dismiss (Dkt. 8) is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. Defendant Stone's Motion to Strike Attorneys' Fees is **DENIED**.

---

[3] Plaintiff Cohen has failed to define the term "frequent." Based on the allegations in the Complaint, Plaintiff Cohen's intention is to visit the facility annually, meaning once a year. Clearly, the term annual is not synonymous with frequent and does not support a finding that the threat of injury is actual or imminent.

[4] Plaintiffs cite several cases in which district courts and circuit courts have extended standing to "testers" in ADA cases. See e.g., Tandy v. City of Wichita, 380 F.3d 1277, 1285-87 (10th Cir. 2004). "Testers" are those individuals qualified under the ADA as disabled who test entities compliance with the ADA. As the Eleventh Circuit has not addressed the issue of "tester" standing, this Court declines to adopt such a classification.

[5] While not a determining factor, the Court also finds it unusual that Plaintiff Cohen would travel to Sarasota for the purpose of patronizing a flooring establishment. Surely there are flooring establishments in closer proximity to Plaintiff Cohen's residence than G. Fried Flooring.

3. Plaintiff Access for the Disabled, Inc. is **DISMISSED WITH PREJUDICE** as a party to this action.

4. Plaintiff Cohen shall have **thirty (30) days** from the date of this Order to file an Amended Complaint. Failure to file said amended pleading will result in the dismissal of this matter without further notice to the parties.

**DONE** and **ORDERED** in Tampa, Florida on December 28, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-1413 Denial Motion to Dismiss ADA Title III.frm